IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIWIAN LAQUINN SKIEF, | § | |
| TDCJ No. 1769917, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-226-M-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Tiwian Laquinn Skief, a Texas prisoner, "was convicted of murder and sentenced to fifty years in prison." *Skief v. State*, No. 05-12-00223-CR, 2013 WL 2244336, at *1 (Tex. App. – Dallas May 21, 2013, pet. ref'd), *aff'g State v. Skief*, No F10-35936-L (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex. Feb. 10, 2012). After his criminal judgment was affirmed on direct appeal, the Texas Court of Criminal Appeals (the CCA) refused Skieff's petition for discretionary review, *see Skief v. State*, PD-0655-15 (Tex. Crim. App. Nov. 4, 2015), and the United States Supreme Court denied his petition for a writ of certiorari, *see Skief v. Texas*, 137 S. Ct. 62 (2016).

The CCA then denied Skieff's state habeas application without written order on the trial court's findings without a hearing. *See Ex parte Skief*, WR-82,496-02 (Tex. Crim. App. Dec. 20, 2017). And, on December 29, 2020, this Court denied his *pro se* 28 U.S.C. § 2254 habeas petition. *See Skief v. Dir., TDCJ-CID*, No. 3:18-cv-226-M-BN, 2020 WL 7753726 (N.D. Tex. Oct. 14, 2020), *rec. accepted*, 2020 WL 7711376 (N.D. Tex. Dec. 29, 2020).

Skief now moves, under Federal Rules of Civil Procedure 52(b) and 59(e), to alter or amend the Court's judgment through filings he certifies were delivered to prison officials for mailing on January 26, 2021.[1] *See* Dkt. Nos. 23 & 24. This case remains referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Skief's motions.

Skief's motions, filed – with the benefit of the prison mailbox rule – on the 28th day after the entry of judgment, should be considered together. The Rule 52(b) motion is entirely conclusory, but the Rule 59(e) motion does contain some facts. And both should be read as challenging the correctness of the Court's judgment and therefore considered under Rule 59(e). *See Keelen v. Cain*, 31 F. App'x 836, 2002 WL 243288, at *1 (5th Cir. Jan. 21, 2002) (per curiam) ("While it is unclear whether Keelen moved pursuant to Federal Rules of Civil Procedure 52(b) or 59(e), he challenges the correctness of the judgment. Accordingly, we construe his motion as brought pursuant to Rule 59(e)." (citing *Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 122 (1st Cir. 1990) ("Circuit precedent suggests that challenges to the correctness of a judgment are properly

---

[1] *See* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

construed as motions under Rule 59(e)."); 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.05[6] (3d ed. 1999) ("[A] Rule 59(e) motion seeks an alteration or amendment of a judgment, often by way of the court's finding of additional facts. In contrast, a Rule 52(b) motion seeks only the correction of findings or the finding of additional facts without the amendment of the judgment."))).

Skief's Rule 59(e) motion "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). So, at this point, "there is no longer a final judgment to appeal from," and, "[o]nly the disposition of [the Rule 59(e)] motion 'restores th[e] finality' of the original judgment, thus starting the 30-day appeal clock." *Id.* (citations omitted).

Thus, the Court's "ruling on the Rule 59(e) motion merges with the prior determination, so that the reviewing court takes up only one judgment." *Id.* (citation omitted).

> Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (per curiam) (footnote omitted).

Controlling law has not changed since the Court entered judgment. And Skief

presents no newly discovered evidence. So the Court should consider solely whether he has shown that the Court must correct a manifest error of law or fact. To do so, his motion "'must clearly establish either a manifest error of law or fact'" and may not "'argue [his] case under a new legal theory.'" *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

And, "[w]hile the district court has considerable discretion in deciding whether to reopen a case under Rule 59(e), reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. [Accordingly,] Rule 59(e) generally favors the denial of motions to alter or amend a judgment." *Sterling v. United States*, No. 3:18-cv-526-D, 2020 WL 2425648, at *2 (N.D. Tex. May 12, 2020) (citations, internal quotation marks, and original brackets omitted).

Skief fails to clearly establish that this Court has erred by denying his habeas claims, concerning a jury charge; a Confrontation Clause challenge; and multiple claims of ineffective assistance of counsel. He instead recycles, in a conclusory manner, arguments that he believes establish that the state court adjudications adverse to him were wrongly decided and, accordingly, this Court erred by not overruling them.

These arguments miss their mark on habeas review, where "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). Put another way, in reviewing the state court adjudications on habeas, the

question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

Skief's current conclusory arguments do not show how the state court decisions were unreasonable and thus also show that this Court got it wrong by finding there was no room for fairminded disagreement as to the prior adjudication of Skief's claims. In sum, the Court concluded that Skief, in his petition, failed to meet the substantial burden imposed by the federal habeas standards of review. And his current arguments fail to establish that the Court manifestly erred in reaching this conclusion.

## Recommendation

The Court should deny Petitioner Tiwian Laquinn Skief's motions under Federal Rules of Civil Procedure 52(b) and 59(e) [Dkt. Nos. 23 & 24].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 11, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE