IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIWIAN LAQUINN SKIEF, | § | |
| TDCJ No. 1769917, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-226-M-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Tiwian Laquinn Skief, a Texas prisoner, "was convicted of murder and sentenced to fifty years in prison." *Skief v. State*, No. 05-12-00223-CR, 2013 WL 2244336, at *1 (Tex. App. – Dallas May 21, 2013, pet. ref'd), *aff'g State v. Skief*, No F10-35936-L (Crim. Dist. Ct. No. 5, Dall. Cnty., Tex. Feb. 10, 2012). After his criminal judgment was affirmed on direct appeal, the Texas Court of Criminal Appeals (the CCA) refused Skieff's petition for discretionary review, *see Skief v. State*, PD-0655-15 (Tex. Crim. App. Nov. 4, 2015), and the United States Supreme Court denied his petition for a writ of certiorari, *see Skief v. Texas*, 137 S. Ct. 62 (2016).

The CCA then denied Skieff's state habeas application without written order on the trial court's findings without a hearing. *See Ex parte Skief*, WR-82,496-02 (Tex. Crim. App. Dec. 20, 2017). On December 29, 2020, this Court entered judgment denying his *pro se* 28 U.S.C. § 2254 habeas petition. *See Skief v. Dir., TDCJ-CID*, No. 3:18-cv-226-M-BN, 2020 WL 7753726 (N.D. Tex. Oct. 14, 2020), *rec. accepted*, 2020 WL 7711376 (N.D. Tex. Dec. 29, 2020). And the United States Court of Appeals for

the Fifth Circuit dismissed Skief's related appeal for want of prosecution on July 7, 2021. *See Skief v. Lumpkin*, No. 21-10517 (5th Cir. July 7, 2021) [Dkt. No. 35].

Citing the Fifth Circuit's denying his request to reinstate his appeal on November 4, 2021, Skief returned to this Court in January 2022 to move the Court, under Federal Rule of Civil Procedure 60(b), to reenter the December 2020 judgment "to re-set [his] time to appeal." Dkt. No. 39.

This case remains referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Skief's motion.

While Rule 60(b) provides for relief from a final judgment or order, "a Rule 60(b) motion for relief from a final judgment denying habeas relief counts as a second or successive habeas application … so long as the motion 'attacks the federal court's previous resolution of a claim on the merits.'" *Banister v. Davis*, 140 S. Ct. 1698, 1709 (2020) (cleaned up; quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Even so, "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination" by, for example, arguing that a district court's ruling as to exhaustion, procedural default, or limitations was in error. *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez*, 545 U.S. at 532); *see*

*also Jackson v. Lumpkin*, ___ F.4th ____, No. 20-20516, 2022 WL 354439 (5th Cir. Feb. 7, 2022).

But Skief seeks to use Rule 60(b) solely as a basis to reinstate an appeal. Unfortunately for him, "[R]ule 60(b) cannot be used to circumvent the limited relief available under Federal Rule of Appellate Procedure 4(a)(5), which advances the principle of protecting the finality of judgments." *Perez v. Stephens*, 745 F.3d 174, 178 (5th Cir. 2014) (quoting *Dunn v. Cockrell*, 302 F.3d 491, 492-93 (5th Cir. 2002)).

"The language used in *Dunn* makes it particularly clear that where the sole purpose of a Civil Rule 60(b) motion is 'to achieve an extension of the time in which to file a notice of appeal, it must fail.'" *Id.* (quoting *Dunn*, 302 F.3d at 493; citing *United States v. O'Neil*, 709 F.2d 361, 373 (5th Cir. 1983) ("[W]here ... the [Civil] Rule 60(b) motion ... asks only that the order be vacated and reentered.... the [Civil] Rule 60(b) motion is avowedly being used only to extend the time for appeal. It hence squarely collides with [Appellate] Rule 4(a)(5)."); footnote omitted).

Moreover, after *Dunn*, the United States Supreme Court held "that the 'timely filing of a notice of appeal in a civil case is a jurisdictional requirement.'" *Id.* at 178-79 (quoting *Bowels v. Russell*, 551 U.S. 205, 214 (2007)).

> The Court explained that courts lacked power to carve out equitable exceptions to Appellate Rule 4(a) because the deadlines to appeal are jurisdictional statutory requirements under 28 U.S.C. § 2107. *Bowles* unequivocally states that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement. Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate."
>
> [Thus t]he strong language in *Bowles*, while not referring specifically to Civil Rule 60(b), does not permit appellate courts to create exceptions to circumvent the appellate deadlines as set forth in

> Appellate Rule 4(a) and § 2107. This is particularly true because Appellate Rule 4 "carries § 2107 into practice."

*Id.* at 179 (citations omitted).

In sum, in addition to being foreclosed by controlling authority in this circuit, to allow Rule 60(b) "to circumvent the exceptions codified in 28 U.S.C. § 2107 runs afoul of *Bowles*'s clear language that courts cannot create exceptions to jurisdictional requirements that are statutorily based." *Id.* (citing *Bowles*, 551 U.S. at 212-14); *see also Jordan v. Davis*, 698 F. App'x 203, 204 (5th Cir. 2017) (per curiam) ("[A] Rule 60 motion may not be used to circumvent the time limits for appealing, especially where the motion was made after the time for seeking an extension of time for appeal has expired." (citing *Dunn*, 302 F.3d at 492-93; *Perez*, 745 F.3d at 177-79)).

The Court should therefore deny Skief's Rule 60(b) motion.

## Recommendation

The Court should deny Petitioner Tiwian Laquinn Skief's motion under Federal Rule of Civil Procedure 60(b) [Dkt. No. 39] but should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 9, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE